UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
---------------------------------------------------------X
                                                        :
LISA HALL,                                              :
                            Plaintiff,                  :
                                                        :          13 Civ. 8633 (LGS)
              -against-                                 :
                                                        :          OPINION AND ORDER
NEW JERSEY TRANSIT, et al.,                             :
                            Defendants.  :
                                                        :
--------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/15

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Lisa Hall asserts that Defendants New Jersey Transit's ("NJ Transit") and

National Railroad Passenger Corporation d/b/a Amtrak's ("Amtrak") negligence caused her

personal injuries.  NJ Transit and Amtrak, as Third-Party Plaintiffs, have filed cross-claims

against Guardian Service Industries, Inc. ("Guardian") for contribution, common law and

contractual indemnity, and breach of contract.  Guardian, as Second Third-Party Plaintiff, has

filed cross-claims against Second Third-Party Defendant Otis Elevator Company ("Otis") for

contribution, common law and contractual indemnity, and breach of contract.

      Otis moves for summary judgment on all claims asserted by Guardian against it.  Otis

also moves to dismiss Guardian's breach of contract claim under Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  Guardian does not oppose Otis' motion, but instead has submitted a

proposed stipulation to dismiss its claims against Otis without prejudice.  In its reply, Otis

objects to the stipulation and states that it seeks summary judgment in order to dismiss

Guardian's claims with prejudice.  For the reasons below, Otis' unopposed motion for summary

judgment is granted.  Otis' unopposed motion to dismiss is denied as moot.

## I.     BACKGROUND

The facts are taken from Otis' Local Rule 56.1 statement, submissions made in connection with this motion, and the pleadings filed in this action.  As required on this motion, the facts are construed in favor of the non-moving party, Guardian.

In 2008, Guardian and NJ Transit entered into a contract for Guardian to provide "Elevator/Escalator Maintenance" at New York Penn Station.  Guardian and a third party then entered into a contract for elevator/escalator maintenance at Penn Station.  In or around June 2010, the third party assigned that contract to Otis, and Otis assumed responsibility for maintaining the escalators at Penn Station.  The contract provided in substance that Otis would defend and indemnify Guardian for injuries arising out of or occurring in connection with the execution of its work.

Otis serviced Escalator Unit 1B on December 22, 2010, and it examined that escalator on December 23, 2010.  Escalator Unit 1B was functioning properly at the time.  Otis did not receive any complaint about the condition or operation of Escalator Unit 1B between December 23, 2010, and the early morning hours of January 1, 2011.

On December 31, 2010, Plaintiff arrived at New York Penn Station around 11:30 p.m. When her train to Newark, New Jersey, was announced, Plaintiff waited for the crowd to "dissipate[] a little bit" before proceeding towards her train on Track 2.  When Plaintiff was approximately halfway down Escalator Unit 1B, she heard someone yell that the escalator was backed up and that people should go back upstairs.  In response, Plaintiff turned around to head back up, but "there were so many people that [she] fell."  Others fell on her.  As the escalator continued to operate in the descending direction, Plaintiff slid feet first to the bottom of the escalator.  The escalator came to a stop after someone yelled out "push the red button."

## II.     LEGAL STANDARD

The standard for summary judgment is well established.  Summary judgment is appropriate where the record before the Court establishes that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Courts must construe the evidence in the light most favorable to the nonmoving party and must draw all reasonable inferences in the nonmoving party's favor.  *See id.* at 255.

A "non-response" entitles a court to deem any "unresponded-to statements of undisputed facts proffered by the movant [as] . . . admitted."  *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014).  However, even "when a party . . . fails to respond to an opponent's motion for summary judgment, a district court . . . must examine the movant's statement of undisputed facts and the proffered record support and determine whether the movant is entitled to summary judgment."  *Id.* at 197.

## III.     DISCUSSION

Otis meets its burden of showing that it is entitled to summary judgment on all of Guardian's claims.

### A.  Contribution and Indemnification

Guardian's claims for contribution and common law indemnification both fail because Otis did not breach any purported duties that it owed Guardian or Plaintiff.  Under New York law, a claim for contribution requires that "two or more tort-feasors share in responsibility for an injury, in violation of duties they respectively owed to the injured person."  *Garrett v. Holiday*

3

*Inns, Inc.*, 447 N.E.2d 717, 776 (N.Y. 1983) (citation and internal quotation marks omitted); *see also* N.Y. C.P.L.R. § 1401 Practice Commentaries C1401:3 (McKinney's 2013) ("A tortfeasor's liability for contribution may flow from either of two sources: breach of a duty to the plaintiff [the injured party] *or* to the party seeking contribution." (emphasis added)). Similarly, common-law indemnification "imposes indemnification obligations upon those actively at fault in bringing about the injury." *McCarthy v. Turner Constr., Inc.*, 953 N.E.2d 794, 799 (N.Y. 2011); *see also Jaikran v. Shoppers Jamaica, LLC*, 925 N.Y.S.2d 596 (App. Div. 2011) (dismissing claims for contribution and indemnification against escalator repair company because it owed no duty to the plaintiffs). The undisputed fact is that Escalator Unit 1B was not defective and was not the cause of Plaintiff's injuries. Otis has met its burden of showing that these claims must be dismissed as a matter of law.

Otis is also entitled to summary judgment on Guardian's contractual indemnification claim. Guardian alleges that Otis was responsible for repairing and maintaining Escalator Unit 1B and that Otis agreed to "defend and indemnify [Guardian] from all injuries[] arising out of or occurring in connection with the execution of [Otis'] work." There is no dispute, however, that Escalator Unit 1B was operating properly, was not defective, and Otis had no notice of any defect. "When a claim is made that a duty to indemnify is imposed by an agreement, that agreement must be strictly construed so as not to read into it any obligations the parties never intended to assume." *Haynes v. Kleinewefers & Lembo Corp.*, 921 F.2d 453, 456 (2d Cir. 1990). Otis is entitled to summary judgment on Guardian's contractual indemnification claim as a matter of law.

### B.  Breach of Contract

Guardian alleges that Otis breached their agreement by failing to obtain insurance naming Guardian as an additional insured and providing primary rather than excess coverage for Guardian.  Otis is entitled to summary judgment on this claim as well.  A breach of contract claim requires proof of: (1) a valid contract; (2) Guardian's performance under the contract; (3) Otis' failure to perform its obligations under the contract; and (4) damages resulting from Otis' breach.  *See Fischer & Mandell LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011).

Otis argues that it performed under the contract.  This argument is well founded. Guardian alleges that Otis was required to procure a policy that "shall be primary insurance and that any other insurance carried by [Guardian] shall be excess of all other insurance carried by [Otis]."  The endorsement filed by Otis specifically provides that "any coverage provided to an additional insured shall be excess over any other valid and collectible insurance available to the additional insured, whether primary, excess, contingent or on any other basis unless," as here, "a written contract or written agreement specifically requires that this insurance apply on a primary or non-contributory basis."

For these reasons, Otis' motion for summary judgment on Guardian's breach of contract claim is granted.  Otis' motion to dismiss the same claim is denied as moot.

## IV.   CONCLUSION

For the foregoing reasons, Second Third-Party Defendant Otis' motion for summary

judgment is GRANTED.  The Clerk of Court is directed to close the motion at Docket

Number 73, and to dismiss Defendant Otis Elevator Company from the case.

SO ORDERED.

Dated: March 20, 2015
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**